142 So.2d 168 (1962)
George H. WOODS, Plaintiff-Appellant,
v.
CITIES SERVICE OIL COMPANY, Defendant-Appellee.
No. 569.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
McKeithen, Mouser & McKinley, by Vinson M. Mouser, Columbia, for plaintiff-appellant.
Gaharan & Richey, by L. W. Richey, Jena, for defendant-appellee.
Before TATE, FRUGÉ and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Woods sues to cancel a lease he had granted in 1949 to the defendant's corporate predecessor covering certain service station property. Woods contends that the lease has expired because an attempted notice of renewal was not timely given or received. He appeals to us from the dismissal of his suit by the trial court.
The lease in question provided that the defendant lessee could extend it for an additional year "by giving written, registered notice of its intention to do so to the lessor [Woods] on or before one month prior to the termination of this lease, or any renewal thereof." The lease had been extended by timely notice in accordance with the contractual terms through December 31, 1961. At issue is the defendant lessee's attempted renewal of the lease for an additional year beyond this date.
The plaintiff-appellant contends that timely "written, registered notice" of renewal was not given as required by the lease, because the defendant lessee attempted to notify him of the renewal by telegraph instead of by United States registered mail, which telegram (although timely sent) was not actually received by him until December 2nd (or less than a month before the expiration date of the lease). Distinguished counsel argues that therefore the notice of renewal was not timely given, since the use of this unauthorized method of transmission of notice by the defendant-lessee was at its peril that the notice of renewal would not be timely received by the plaintiff lessor.
The undisputed facts show that the defendant lessee wired from Shreveport notice *169 of its renewal of the lease for an additional period commencing January 1, 1962. The telegram was sent at 5:02 P.M. on November 29 and was received in the Western Union office at Olla, where the plaintiff Woods resides, at 8:25 A.M. on the following morning. The telegraph agent phoned Woods to inform him of the receipt of the telegram but was unable to reach anyone at the plaintiff's residence. Shortly afterwards, however, the agent informed the plaintiff's son that he had a telegram for his father, whereupon the son told him that the plaintiff was out of town for the day and instructed the agent to mail the telegram to his father. The agent immediately did mail the telegram to the plaintiff.
The plaintiff testified that he did not pick up the telegram from his post-office box at the Olla post-office until December 2, but he admitted that he was out of town during much of the interval and that he did not recall checking his post-office box during that time.
We do not necessarily accede to the appellant's argument that the lease requirement that "written, registered notice" of renewal was intended to designate registered mail as the exclusive method of giving notice and to exclude the use of the telegraph. Nevertheless, the use of a different method of transmission of notice of renewal than that contemplated by the lease does not, if timely received, make the notice defective, when the substituted method of transmission performs the same function and serves the same purpose as the authorized method. See Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383.
The evidence shows that if the notice had been sent by registered mail at the same time as it was by this telegram, such notice could have been received by the plaintiff no earlier than it was, due to his absence from his domicile or his failure to check his mail-box; and that, in either event, the notice would have been received timely if the plaintiff had been in town.
Delivery of this notice was thus attempted within the time permitted by the contract. The delay in receipt was occasioned by the plaintiff's absence from the town. We are unwilling to hold that the notice was not timely given within the meaning of the contract, when the sole reason it was not received timely is that the lessor was unavailable to receive it because of his absence from the town or because he did not check the mail-box (through which the contract contemplated he would receive the notice of renewal if it was supposed, as he contends, to be made by registered mail).
For the foregoing reasons, we affirm, at the plaintiff-appellant's cost, the trial court's dismissal of this suit for cancellation of the lease.
Affirmed.