Arnold G-. Fraiman, J.
This is a motion by defendant to dismiss the complaint for failure to state a cause of action, pursuant to CPLR 3211 (subd. [a], par. 7). Plaintiff opposes the motion, and as it is entitled to do, seeks summary judgment in its own behalf (4 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 3211.50). By its complaint, plaintiff asks for a judgment declaring that it is entitled to possession and use of certain premises at the Bronx Terminal Market, which are owned by the defendant New York City, for an additional two-year period commencing March 1, 1970. Plaintiff is a wholesale dealer in fruits and vegetables. In November and December, 1966, plaintiff and defendant entered into three substantially identical leasing agreements, each for a separate store and office in the market. Each of the leases was for a term of three years, commencing on the date the market was to open, which apparently occurred on March 16, 1967.
The leases provided that the tenant should have the option of renewing the leases for an additional period of two years on the same terms, except as to the rent which would be increased by 10%, by giving the landlord at least three months’ written notice of such intention to renew prior to the expiration of the leases. Another section provided that any notice by tenant to landlord must be served by certified mail.
In paragraph 5 of its complaint, plaintiff alleges that it gave defendant written notice of its intention to renew the leases on December 1, 1968. (This date is apparently a typographical error, since there is attached to the complaint a letter dated December 1, 1969 purporting to give such notice.) This was clearly more than three months before the expiration date of the leases; but the basis for defendant’s motion to dismiss is that plaintiff failed to allege that the notice was sent by certified mail, and plaintiff concedes that the notice was in fact sent *297 by ordinary mail. In its affidavit in support of its motion, defendant denies having received any renewal notice from plaintiff, and alleges that it considered the leases terminated on their expiration date, and thereafter, on June 1, 1970, issued an ‘ ‘ occupancy permit ’ ’ to plaintiff. Occupancy permits are apparently issued pursuant to a new policy by the city whereby tenants whose leases have expired are permitted to continue to occupy space in the market for one-year periods, but their occupancy is revocable at the will of the city’s Commissioner of Ports and Terminals. The occupancy permit issued to plaintiff provides for a charge for the use of the premises which is 20% more than the rental under its original leases. Plaintiff was permitted to remain in the market as a holdover tenant paying the monthly rental provided for in its original leases, until August 1, 1970, when it was billed at a rate 20% higher, as provided for by the occupancy permit. However, plaintiff has continued to pay only the original rent.
Although plaintiff clearly failed to comply with the provision in the lease requiring that notice be sent by certified mail, it is entitled to the benefit of the rule in equity which relieves a tenant from forfeitures of valuable lease terms when default in notice has not prejudiced the landlord, and has resulted from an honest mistake or similar excusable fault (Jones v. Gianferante, 305 N. Y. 135; Rizzo v. Morrison Motors, 29 A D 2d 912). For the purposes of this motion, all allegations in the complaint must be deemed to be true (Garvin v. Garvin, 306 N. Y. 118; Gaynor v. Rockefeller, 21 A D 2d 92, affd. 15 N Y 2d 120). It must therefore be assumed, as alleged, that plaintiff did send a timely renewal notice in writing to defendant. Its failure to send it by certified mail is thus a technical breach at best, and is excusable. Nor has the city shown how it has been prejudiced by plaintiff’s conduct, even assuming that it never received plaintiff’s notice, other than to point out that it could command a higher rental under the occupancy permit than it could under the renewal leases. This is obviously not the kind of prejudice the rule has in mind.
The facts here are analogous to those in 8y Jack Realty Co. v. Pergament Syosset Corp. (34 A D 2d 819). There, the tenant was required by the lease to give the landlord a renewal notice in writing on or before March 31, 1969. The tenant mailed the notice on March 28, but it was not received by the landlord. In holding that the tenant was entitled to equitable relief, the court said: “We need not construe the lease’s language * * * nor need we decide whether [the tenant’s] *298 mailing of its renewal notice complied with that language for, whatever might be held ioith respect to those matters, [the tenant] is entitled to equitable relief.” (Italics added.)
The defendant’s reliance in the instant case upon Fidelity & Columbia Trust Co. v. Levin (128 Misc. 838, affd. 221 App. Div. 786, affd. 248 N. Y. 551) is unwarranted, since the facts in that case are clearly distinguishable. There, the tenant did not notify the landlord of his acceptance of an option to renew within the time period provided for in the lease. Instead he sent such a notice more than a month after the renewal expiration date, and the landlord rejected it as untimely. The court, in upholding the landlord, found that time was the very essence of the notice requirement, and inasmuch as a new estate for the renewal period was never created between the landlord and tenant, the court could not create one. Here, timely notice, although in improper form, was given by the tenant of his intention to renew, and the court will not deny him the equitable relief to which he is entitled.
For the foregoing reasons, defendant’s motion to dismiss the complaint is denied, without prejudice to a renewal thereof if plaintiff fails to pay to defendant, within 30 days after receipt of a copy of this order with notice of entry, the difference between the rent it has been paying defendant and the rent provided for in the renewal leases for the period between March 1, 1970 and December 31, 1970. Thereafter, plaintiff is to pay the monthly rental provided for in the renewal leases until the expiration thereof, or until the court, after a trial of this case or other disposition, directs otherwise. Plaintiff’s request for summary judgment in its favor is denied. Issues of fact exist as to whether plaintiff ever sent the notice alleged in the complaint and whether defendant ever received it, which cannot be resolved on the papers before the court.