DANIEL A. ROYER AND KAY S. ROYER v. WILLIAM RUSSELL HONRINE AND DANIEL D. GRIER, T/D/B/A SILVER DOLLAR SALOON, A PARTNERSHIP, AND SILVER DOLLAR SALOON, INC., A NORTH CAROLINA CORPORATION

No. 8326DC901

(Filed 5 June 1984)

**Landlord and Tenant § 13.3— written notice of intent to renew lease—no waiver by lessors**

Where a lease required written notice of an intent to extend 120 days prior to the expiration of the original term and an increased rental for the extended term, plaintiff lessors did not waive the written notice requirement by their acceptance of the original rent for 15 months after expiration of the original term and after they had received oral notice from the lessees of an intent to exercise their option to extend.

APPEAL by defendants from *Brown, Judge.* Judgment entered 31 May 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1984.

Action in summary ejectment against defendant holdover lessees. The trial judge sitting without a jury concluded the lessees had failed to give proper notice of extension of the lease in apt time, and entered judgment for plaintiff landlords. Defendants appeal.

*Elam, Seaford, McGinnis & Stroud, by William H. Elam for plaintiff appellees.*

*Erwin and Beddow, P.A., by Fenton T. Erwin, Jr. for defendant appellants.*

HILL, Judge.

This action for summary ejectment was initiated in small claims court. The magistrate ruled in favor of the defendants and

plaintiffs appealed. At the trial de novo the trial judge sitting without a jury entered judgment for plaintiffs allowing summary ejectment of defendants.

The lease agreement under which this controversy arises was entered into 31 May 1978 between Steve Fellos, the owner, and the defendants. Steve Fellos subsequently transferred title to the property to John Gallins and wife, Jean Gallins, on 23 January 1981. On 31 August 1982 John and Jean Gallins and Steve Fellos transferred title to Daniel Royer and wife, Mary Kay Royer. This conveyance provided that title to the premises was subject to the provisions of the lease.

The lease provided, *inter alia*, for an initial term of three years, beginning 2 June 1978 and ending 31 May 1981, and contained an option to extend the term for an additional term of three years to begin 1 June 1981 and end 31 May 1984. Further, the lease provisions required written notice of lessee's intention to exercise its option at least 120 days prior to the end of the term. Rent for the initial term was to be a total of $27,000.00 payable in equal monthly installments of $1,750.00 per month. If the option to extend the lease was exercised, rent would be payable based on a cost of living formula which would have increased the rent due the lessors.

In February 1981 William Honrine called Steve Fellos, indicating that the lessees desired to extend the lease. Fellos advised Honrine that it would be no problem, and discussed the matter with his brother-in-law, John Gallins. Fellos had sold the property to John and Jean Gallins, his brother-in-law and sister, in January 1981 to secure some indebtedness, and the Gallins were to hold title on a temporary basis until repaid. John Gallins advised Fellos that more rent could be obtained. Fellos failed to seek a higher rent, and the lessees continued to pay $1,750.00 monthly after the initial term of the lease expired. Fellos testified that the lessees were paying the rent and automatically the lease was extended: "I didn't raise the rent; I just kept collecting the rent; my brother-in-law kept collecting the rent." Fellos further testified he was supposed to call the lessees back but never did.

Plaintiffs acquired title to the property 31 August 1982 subject to the lease. They gave notice to the defendants on 14 August 1982 to vacate the premises no later than 31 December

1982. Plaintiffs did accept the rent check for September 1982 for $1,750.00.

The trial judge made findings of fact reciting the pertinent parts of the lease, and among his conclusions were the following: (1) the lease terminated 31 May 1981; and (2) the defendants never gave written notice to extend the lease, and never paid increased rentals after termination of the original period as required by the lease. However, an increased rental was tendered in September 1982 but refused by the plaintiffs. Based on extensive findings of fact and conclusions of law, the trial judge ordered summary ejectment of the defendants, and defendants appeal.

The crux of this lawsuit is whether the plaintiffs or their predecessors in title by their actions waived the requirement that written notice be given by the lessees to the lessors 120 days prior to 31 May 1981 to effectively exercise the option to extend the lease. We conclude there was no waiver by the lessors or their predecessors in title and affirm the decision of the trial judge.

When a lease specifies the manner and method by which the tenant may extend the term, compliance with such provisions are conditions precedent to the extension of the term. *Coulter v. Finance Co.*, 266 N.C. 214, 146 S.E. 2d 97 (1966). In those cases in which notice to extend the term is required, and none is given, the landlord may treat the tenant who holds over after the expiration of the original term as a trespasser and sue for possession; or, alternatively, the landlord may waive the notice and treat the tenant as holding the premises by virtue of an extension on the terms of the lease. *Realty Co. v. Demetrelis*, 213 N.C. 52, 194 S.E. 897 (1938).

The lessees contend that the lessors by receiving oral notice from lessees that they exercised their option to extend the lease and their acceptance of the original rent for some fifteen months after the expiration of the original term waived the requirement that written notice be given. We disagree.

The court in *Coulter, supra,* cites 32 Am. Jur., Landlord and Tenant, § 982 as correctly stating the rule as follows:

If the lease provides for an additional term at an increased rental, and after the expiration of the lease the ten-

ant holds over and pays the increased rental, this is affirmative evidence on his part that he has exercised the option to take the lease for an additional term; but where, under such a lease, the tenant holds over after the expiration of the original term and does not pay the increased rental as provided by the lease, but continues to pay the original rental, which is accepted by the lessor, this negatives the idea of the acceptance of the privilege of an additional term.

Here the lessee first offered to pay the increased rent in September, 1982. The offer was refused.

We distinguish the case under review from *Kearney v. Hare*, 265 N.C. 570, 144 S.E. 2d 636 (1965), in which the court held a waiver of notice to exist when the landlord accepted the full amount of the rent in advance, following termination of the lease. Had there been no waiver the lessor could have sued for the unpaid portion of the rent due under the facts of this case.

We conclude the lessees were derelict in their duty to submit written notice of their election to extend the term of the lease and the lessors have not waived their rights to eject the lessees by accepting the rental due under the provisions of the old lease.

We have examined the remaining assignments of error brought forth by the defendants and find them moot in light of our holding herein.

The judgment of the trial court is

Affirmed.

Judges WEBB and WHICHARD concur.