KLIEBERT, Judge.
The defendants-appellants, Deborah Sutherlin, wife of/and Michael DiRosa, de-volutively appeal from a judgment rendered in a via ordinaire proceeding ordering them to pay to plaintiff-appellee, First National Bank of Commerce (FNBC) as Trustee, the total sum of $79,288.65 for principal, late charges, interest and attorney fees, being the amount due on a promissory note secured by a mortgage dated December 15, 1982. The judgment also recognized and maintained the mortgage on defendants’ residential real estate which secured the note. On appeal, the DiRosas contend FNBC did not give notice of default in the manner required by the note and in the mortgage, therefore, the foreclosure proceedings were invalid. We do not agree and affirm the trial court.
On December 15, 1982, the DiRosas executed a mortgage secured by promissory note payable to Central Savings and Loan (Central). The note and mortgage were assigned to FNBC but Central continued to service the loan. When the DiRosas became delinquent in the payment of monthly installments due under the note, Central directed by ordinary mail a notice of default to the DiRosas on June 24, 1987. Continued delinquency resulted in a notice of acceleration being sent to the DiRosas by ordinary mail on July 24, 1987. A petition for foreclosure on executory process was then filed on August 25, 1987. In response the DiRosas petitioned the court to enjoin the seizure and sale by executory process. As a result, FNBC on September 29,1987 filed a supplemental and amending petition converting its action to a via ordinary proceeding.
The DiRosas filed numerous exceptions to the foreclosure, including an exception of prematurity grounded in the contention they had not received notice of default by certified mail in the manner required by the mortgage and the note. All exceptions, including that of prematurity, were denied by the trial court, and this court denied writ applications. See Writ Docket Nos. 88-C-197 and 88-C-205. Thereafter, the DiRosas filed an answer, trial was had, and the judgment here complained of rendered.
The argument made on appeal relative to the inadequacy of the notice is virtually the same as that made on the denied exception of prematurity. The mortgage instrument provides in pertinent part:
"... Lender PRIOR TO ACCELERATION shall mail notice to Borrower as provided in paragraph 14 hereof ...” (Emphasis supplied.)
Paragraph 14 provides as follows:
“Notice. Except for any notice required under applicable law to be given in another manner (a) any notice to Borrower provided for in this Mortgage shall be *694 given by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein ... Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.”
Additionally the note contains the following provision:
“Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note Holder ...”
The DiRosas deny receiving the notices which Central's employees testified were mailed by ordinary mail. Hence, they contend the foreclosure proceedings were invalid. The record before us shows conclusively however that the DiRosas had “actual” as opposed to “certified mail” notice of the delinquency and the acceleration, and were given the full opportunity to and did in fact exercise their rights to fully oppose the delinquency and foreclosure. Moreover, at no time did the DiRosas deny the delinquency or seek to reinstate the loan by paying up the delinquency.
Although the use of a different method of transmission of notice of default or acceleration than that contemplated by the mortgage and note may support an exception of prematurity directed against a via executory foreclosure, given the facts presently in the record before us, we cannot say the trial court erred in allowing the foreclosure to proceed via ordinaria.
When the substituted method of transmission of the notice of default and acceleration perform the same function and serves the same purpose as the authorized method, it satisfies the notice requirement. Woods v. City Services Oil Company, 142 So.2d 168 (3rd Cir.1962). There is no doubt the actual notice satisfied that function here. Accordingly, we affirm the judgment of the trial court at the DiRosas’ cost.
AFFIRMED.