MER PROPERTIES-SALISBURY, A PARTNERSHIP, PLAINTIFF v. GOLDEN PALACE, INC., DEFENDANT

No. 8819DC847

(Filed 5 September 1989)

**Landlord and Tenant § 13.3— renewal of lease—written notice— not sent by registered mail—sufficient**

A lease renewal sent by regular rather than registered mail was sufficient where the original lease was for ten years with two five-year renewal options; a different section of the lease, entitled miscellaneous provisions, required that all notices under the lease be in writing and sent by registered or certified mail; plaintiff presented evidence that it did not receive any notice of defendant's intention to renew more than ninety days prior to the expiration of the original term of the lease; defendant presented evidence that on 29 April 1987, she wrote the check for the May rental, wrote a letter advising plaintiff of defendant's intention to renew the lease for another five years, placed the letter along with the check in an envelope addressed to plaintiff and stamped the envelope, which was

MER PROPERTIES-SALISBURY v. GOLDEN PALACE, INC.

[95 N.C. App. 402 (1989)]

mailed the same day; and the undisputed evidence was that the check was negotiated on 5 May 1987. On the record before the court, plaintiff had timely notice of defendant's intention to exercise its renewal option under the lease. The "problem of proof of notice" would not have been eliminated by defendant's use of registered mail because a registered mail receipt would only have shown that the envelope was sent and received; plaintiff could have admitted receipt of the check but denied receipt of the notice. Moreover, it would seem unduly harsh to penalize the tenant who followed all requirements in a section entitled "Option to Renew" in a twenty-one page lease but failed to also note a miscellaneous provision, and the record does not show that plaintiff was prejudiced in any way by defendant's failure to use registered mail.

APPEAL by plaintiff from *Clarence E. Horton, Jr., Judge*. Judgment entered 30 March 1988 in District Court, ROWAN County. Heard in the Court of Appeals 14 March 1989.

*Kluttz, Hamlin, Reamer, Blankenship, and Kluttz, by Malcolm B. Blankenship, Jr., for plaintiff-appellant.*

*Shuford, Caddell & McCanless, by R. William McCanless, for defendant-appellee.*

BECTON, Judge.

In plaintiff's judgment action for summary ejectment, the Magistrate entered judgment in favor of defendant. Plaintiff appealed, and, after a trial *de novo* in district court, the jury returned a verdict in favor of defendant.

Although plaintiff asserts numerous assignments of error, the controlling issue in its appeal to this court is whether defendant's notice of renewal, sent by ordinary first class mail, was sufficient to exercise its option to renew, notwithstanding a provision in the lease that notices be given by registered mail. For the reasons that follow, we find no error in the judgment of the trial court.

I

The original lease for the premises occupied by defendant, Golden Palace, Inc., was entered into with plaintiff, MER Properties, on 10 November 1977 for a ten-year period, with two five-year renewal options. Section 204 of the lease sets forth the tenant's

right to renew "upon written notice to Landlord of Tenant's intention to exercise said option, given at least ninety (90) days prior to the expiration of the original term . . . ." Section 901 of the lease, entitled "Miscellaneous Provisions," requires that all notices under the lease "shall be in writing and sent by registered or certified mail." The original term expired on 30 November 1987.

At trial, plaintiff, through testimony of the corporate properties director for its management company, presented evidence that it did not receive any notice of defendant's intention to renew more than ninety days prior to the expiration of the original term of the lease. Defendant's witness Lai Yu Mah, vice president of defendant corporation, testified that on 29 April 1987 she traveled from her home in Hickory, North Carolina, to the restaurant in Salisbury, North Carolina. While there, she conferred with her brother, Chung Ming Ng, who managed the restaurant, about how to write the rent checks and when they should be mailed. On that day, according to her testimony, Ms. Mah wrote the rent check to pay the May rental. She also wrote a letter to advise plaintiff of defendant's intention to renew the lease for another five years. This letter was on plain typing paper that had the restaurant's name and address stamped on the top with a rubber-stamp imprint. Ms. Mah testified that she placed this letter along with the May rent check into an envelope addressed to plaintiff, stamped the envelope, and gave it to Mr. Ng to mail. Ms. Mah did not retain a copy of this letter. Mr. Ng testified that he mailed the envelope that same day. He also corroborated his sister's testimony that she wrote the letter to renew the lease. The evidence was undisputed that the May rent check was negotiated on 5 May 1987.

The following issue was submitted to the jury: "Did the Defendant, Golden Palace, Inc., give written notice on April 29, 1987, to the plaintiff, MER Properties-Salisbury, of its intention to renew its lease?" The trial judge instructed the jury that if it found by the greater weight of the evidence that defendant gave written notice to plaintiff on 29 April 1987, by mailing a notice of its intention to renew the lease to plaintiff along with the May rent check, it would answer the issue "yes."

The jury resolved this factual question in defendant's favor, and judgment was entered for defendant based on the verdict. On appeal plaintiff has not challenged the sufficiency of the evi-

dence to support the jury's finding. Plaintiff's contention is that defendant's exercise of the renewal option was ineffectual because defendant did not send the notice by registered mail, as required in the lease, and plaintiff, therefore, was entitled to a directed verdict as a matter of law.

## II

Our research discloses no case in which the North Carolina courts have previously decided the narrow issue before us. In other jurisdictions the authorities are split. Some courts have held that a lessee's failure to send the notice by registered mail as required by the lease does not relieve the lessor of its contractual obligations under the renewal provision when it is clear the lessor actually received notice. *See Fletcher v. Frisbee*, 119 N.H. 555, 404 A.2d 1106 (1979); *Gerson Realty, Inc. v. Casaly*, 2 Mass. App. 875, 316 N.E.2d 767 (1974); *University Realty & Dev. Co. v. Omid-Gaf, Inc.*, 19 Ariz. App. 488, 508 P.2d 747 (1973); *Woods v. Cities Serv. Oil Co.*, 142 So.2d 168 (La. Ct. App. 1962); *see also Joseph Steier, Inc. v. City of New York*, 65 Misc.2d 296, 317 N.Y.S.2d 455 (1970) (in which lessor denied receiving notice, but, for purposes of motion to dismiss, it was assumed lessee sent the notice). Other courts, however, have required that the lessee strictly comply with the notice requirement as specified in the lease. *See Western Tire, Inc. v. Skrede*, 307 N.W.2d 558 (N.D. 1981); *Seven Fifty Main Street Assoc. v. Spector*, 5 Conn. App. 170, 497 A.2d 96, *cert. dismissed*, 197 Conn. 815, 499 A2d 804 (1985); *Matter of Joyner*, 74 Bankr. 618 (U.S. Bankr. M.D. Ga. 1987).

The rationale in the decisions requiring strict compliance is that if the notice provision in the lease had been followed, the problem of proving that notice had actually been sent and received would be eliminated. *Joyner*, 74 Bankr. at 623. Similarly, plaintiff, in the case before us, argues that the requirement of registered mail eliminates the problem of proof of notice and brings certainty to business transactions.

This argument might be persuasive if there was a question of receipt of the notice and defendant were relying on the presumption that arises upon proof of mailing. In this case, however, Ms. Mah testified the notice was included in the envelope with the May rent check, and significantly, the jury so found. Plaintiff negotiated the rent check, and the jury obviously considered this undisputed extrinsic evidence to be some proof that notice was

MER PROPERTIES-SALISBURY v. GOLDEN PALACE, INC.

[95 N.C. App. 402 (1989)]

received. Plaintiff did not challenge the sufficiency of the evidence to support this finding. Therefore, on the record before this Court, plaintiff had timely notice of defendant's intention to exercise its renewal option under the lease.

Further, we are not persuaded, based on the facts of this case, that the "problem of proof of notice" would have been eliminated by defendant's use of registered mail. For example, a registered mail receipt would only have shown that the envelope was sent and received. Had defendant sent the May rent check and notice by registered mail, plaintiff could have admitted receipt of the check but denied receipt of the notice. Use of registered mail would not, on those facts, have avoided litigation.

Moreover, we find the policy argument advanced in defendant's brief compelling:

> In addition to the authority cited above favoring excusing the tenant from strict compliance with a registered mail requirement, practical considerations also lead to the same result. In the instant case, Section 204 of the lease containing the option to renew makes no mention of registered or certified mail being required. Rather, it is Section 901 under the heading of "Miscellaneous Provisions" some fourteen pages later that has the registered mail provision. (Plaintiff's Exhibit 1). It would seem unduly harsh to penalize a tenant that followed all requirements in a section titled "Option to Renew" in a twenty-one page lease for failing to also note a "miscellaneous" provision.

Finally, the record does not show that plaintiff was prejudiced in any way by defendant's failure to use registered mail. There was no lapse in rent payment, and plaintiff had "only [begun] to look for replacement [tenants] by the end of the term. . . ."

For these reasons, we are of the opinion that the facts bring this case more nearly in line with the rationale of those decisions excusing strict compliance with the registered mail requirement of a lease when there is no denial that the notice was timely received. As the New Hampshire Supreme Court stated in *Fletcher*:

> Although the lease-renewal option required that notice be sent by registered mail, it was sent by regular mail. The landlord asserts that the lessees should not be relieved from their failure to exercise the option in the specified manner. Generally, courts have recognized that any method of giving

notice may be employed "which is effective to bring such notice home to the lessor and serves the same function and purpose as the authorized method." Thus, the notice sent by ordinary mail is sufficient here even though the option agreement required that notice be sent by registered mail.

119 N.H. at 560, 404 A.2d at 1109 (emphasis and citations omitted). The purpose of registered mail is to substantiate receipt, and in this case, receipt has been substantiated.

Plaintiff in its brief relies on *Royer v. Honrine*, 68 N.C. App. 664, 316 S.E.2d 93 (1984), to support its argument that strict compliance with the method of renewal is a condition precedent to extension of the term. *Royer* is distinguishable. In *Royer*, the lease required written notice, and no written notice was given. The court found that the oral notice coupled with the lessor's continued acceptance of the old rental payments were not sufficient to constitute waiver of the notice requirement in the lease. In the present case, the notice was in writing and was timely given.

No error.

Judges PARKER and ORR concur.