JANUS THEATRES OF BURLINGTON, INC. v. ARAGON, A GENERAL PARTNERSHIP

No. 9015SC1326

(Filed 19 November 1991)

1. **Appeal and Error § 119 (NCI4th)— notice to exercise lease option—notice by regular mail—partial summary judgment —appealable**

   A partial summary judgment for plaintiff was appealable where a declaratory judgment action arose from a disputed lease renewal, the trial court held that notice by regular mail was sufficient to exercise an option to renew and that there was no requirement of registered mail or receipt by the landlord, and the court reserved for the jury the issue of whether defendant had waived objection to the renewal or was estopped to deny the renewal. The order was effectively a final judgment and affected a substantial right because waiver of notice or estoppel of notice are irrelevant if sending a notice by regular mail is in and of itself sufficient.

   **Am Jur 2d, Appeal and Error § 104; Landlord and Tenant §§ 1184, 1186.**

2. **Landlord and Tenant § 13.3 (NCI3d)— lease option—exercise by regular mail—summary judgment for tenant improper**

   The trial court erred by granting partial summary judgment for plaintiff tenant on the issue of whether exercise of a lease option by regular mail is sufficient. Unlike *Mer Properties-Salisbury v. Golden Palace, Inc.*, 95 N.C. App. 402, there was a genuine issue of material fact as to whether timely notice was received.

   **Am Jur 2d, Landlord and Tenant §§ 1181-1184; Summary Judgment § 27.**

APPEAL by defendant from order entered 18 September 1990 by *Judge Orlando F. Hudson* in ALAMANCE County Superior Court. Heard in the Court of Appeals 18 September 1991.

In August 1987 plaintiff purchased Terrace Theater and obtained an assignment of the existing lease. The initial term of the 20 year lease began 12 March 1970. The lease also provided for three separate options to renew for five years each. Article XXV entitled "Options to Renew" states: "Tenant shall exercise this option in writing to Landlord at least six (6) months prior to the expiration of the original term of this lease." Article XXII entitled "Provisions for Notice" states: "Whenever notice is to be given to Landlord it shall be sent by registered mail addressed to Landlord at such address as shall have been last designated by Landlord in writing to Tenant. . . ."

Plaintiff brought this declaratory judgment action seeking a determination as to the rights and duties arising under the lease. Plaintiff alleged it sent a lease renewal notice by ordinary mail. Defendant in its answer denied receiving timely notice and counterclaimed seeking an order of ejectment. The trial court entered the following order:

1. Defendant's motion for summary judgment in its favor is denied.

2. Plaintiff's motion for partial summary judgment is granted, and a judgment and declaration is hereby entered as a matter of law that with respect to and under the terms of the lease between plaintiff tenant and defendant landlord, the dispatch by plaintiff of a written letter of renewal by regular mail within the time permitted under the lease is a sufficient exercise of the option to renew the lease, and there is no requirement that the option to renew be exercised by registered mail or received by landlord in order to be effective.

3. The issue as to whether defendant has waived any objection to, or is estopped to deny, the tenant's renewal of the lease is a factual issue to be determined by the jury.

From this order, defendant appealed. Plaintiff filed a motion to dismiss on the grounds the judgment is interlocutory.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Hubert Humphrey and S. Kyle Woosley, for plaintiff-appellee.*

*Wishart, Norris, Henninger & Pittman, P.A., by Robert J. Wishart, June K. Allison and Elizabeth Leonard McKay, for defendant-appellant.*

ORR, Judge.

[1] The first issue is whether the trial court's order is appealable.

All judgments are either interlocutory or final. *See* N.C. Gen. Stat. § 1A-1, Rule 54(a) (1990).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazy v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (citations omitted).

An interlocutory judgment may be appealed under certain circumstances pursuant to N.C. Gen. Stat. §§ 1-277 (1983) and 7A-27(d) (1989). Sections 1-277 and 7A-27(d) "prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). "Interlocutory appeals are most commonly allowed under [these sections] if delaying the appeal will prejudice any substantial rights." *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 491, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989). To determine if a substantial right will be prejudiced if the appeal is delayed, we look to the facts and the procedural context. *Id.*

Here the trial court in its "order and partial summary judgment" reserves for the jury the "issue as to whether defendant has waived any objection to, or is estopped to deny, the tenant's renewal of the lease." Defendant argues that the order leaves no further action for the trial court to dispose of the case. Though the order reserves an issue for the jury, defendant argues that

because the trial court determined that it is irrelevant whether notice was received, there is no requirement for a trial on the issues of waiver or estoppel. Defendant contends that

> [t]he only evidence which will be admissible under the court's order is whether the notice was sent, and Aragon has no way of rebutting plaintiff's evidence that the notice of renewal was, in fact, placed in a mail box. Aragon is, therefore, effectively denied a trial on the factual issue of receipt, and, whether defendant waived notice or is estopped to deny the notice is irrelevant if, as a matter of law as this order holds, sending a notice by regular mail is in and of itself sufficient.

Therefore, defendant argues the order is effectively a final judgment and affects a substantial right. We agree.

* * *

[2] Defendant first argues that the trial court erred in denying defendant's motion for summary judgment, allowing plaintiff's motion for partial summary judgment, and entering a judgment and declaration that exercise of an option to renew is sufficient if sent by regular mail. "[S]ummary judgment is appropriate in a declaratory judgment action where there is no genuine issue as to any material fact and either party is entitled to a judgment as a matter of law." *Threatte v. Threatte*, 59 N.C. App. 292, 294, 296 S.E.2d 521, 523 (1982), *disc. review allowed*, 307 N.C. 582, 299 S.E.2d 650, *review improvidently granted*, 308 N.C. 384, 302 S.E.2d 226 (1983).

In *Mer Properties-Salisbury v. Golden Palace, Inc.*, 95 N.C. App. 402, 382 S.E.2d 869 (1989), the lessee sent renewal notice by ordinary mail even though a provision in the lease required notices to be given by registered or certified mail. The lessor argued that the requirement of registered mail would eliminate the problem of proof of notice and bring certainty to business transactions. We stated that "[t]his argument might be persuasive if there was a question of receipt of the notice and [the lessee] were relying on the presumption that arises upon proof of mailing." *Id.* at 405, 382 S.E.2d at 871. This Court noted that other jurisdictions are divided:

> Some courts have held that a lessee's failure to send the notice by registered mail as required by the lease does not relieve the lessor of its contractual obligations under the renewal provision when it is clear the lessor actually received notice. Other

courts, however, have required that the lessee strictly comply with the notice requirement as specified in the lease.

*Id.* at 405, 382 S.E.2d at 870-71 (citations omitted). Our Court held that sending notice by ordinary mail was sufficient since the lessor received timely notice of the lessee's intention to exercise the renewal option, was not prejudiced by the lessee's failure to use registered mail, and the requirement for registered mail was located in a section entitled "Miscellaneous Provisions" fourteen pages after the renewal clause. *Id.* at 406, 382 S.E.2d at 871. We stated that

[t]he facts bring this case more nearly in line with the rationale of those decisions excusing strict compliance with the registered mail requirement of a lease when there is no denial that the notice was timely received. . . . The purpose of registered mail is to substantiate receipt, and in this case, receipt has been substantiated.

*Id.* at 406-07, 382 S.E.2d at 871-72.

Significantly here, unlike in *Mer*, receipt has not been substantiated, and defendant denies receiving any timely notice. Therefore, we hold that the trial court erred in determining that "there is no requirement that the option to renew be exercised by registered mail or received by landlord in order to be effective" and that the letter sent by ordinary mail is "sufficient exercise of the option to renew. . . ." A genuine issue of material fact exists as to whether timely notice was received, and thus the trial court erred in granting summary judgment in favor of plaintiff. This case must be remanded for appropriate further proceedings.

Reversed and remanded.

Judges COZORT and LEWIS concur.