HOLLOWELL v. HOLLOWELL

[107 N.C. App. 166 (1992)]

BEATRICE H. HOLLOWELL, Plaintiff v. JAMES RODNEY HOLLOWELL AND WIFE, KAY MUNROE HOLLOWELL; TERESA H. WILLIAMS AND HUSBAND, DAVID WILLIAMS; CATHY HOLLOWELL PEARCE AND HUSBAND, LESTER PEARCE; DEBRA JOAN HOLLOWELL (UNMARRIED), AND LOUISIANA-PACIFIC CORPORATION, DEFENDANTS

No. 918SC598

(Filed 4 August 1992)

**Wills § 28.4 (NCI3d) — declaratory judgment — construction of will — determination of interests in land — partial summary judgment**

> The trial court correctly granted partial summary judgment for plaintiff in a declaratory judgment action to construe a will to determine the ownership interests in approximately 95 acres of land and to determine other rights and damages arising out of ownership of the land. Ed Langston left a will disposing of the land in equal portions to his nephews Milford Hollowell and Clarence Hollowell for their lives, then to their respective surviving issue per stirpes in fee simple, with the share of either nephew who died without issue going to the other nephew for life and then to his issue in fee simple, per stirpes; Milford Hollowell died with two surviving issue, Milford Edgar Hollowell and defendant James R. Hollowell; Milford Edgar Hollowell died testate with three issue by a prior marriage, defendants Teresa Hollowell Williams, Cathy Hollowell Pearce, and Debra Joan Hollowell; Milford Edgar Hollowell was also survived by his second wife, plaintiff Beatrice Hollowell; Milford Edgar Hollowell's will left all of his property to his second wife; Clarence Hollowell subsequently died without issue; defendants, apparently believing that they held all the interest in the land in question, partitioned the property and conveyed the parcels to one another; the individual defendants subsequently conveyed an interest in the standing timber and pulpwood on the property; and plaintiff brought this action, claiming an ownership interest in the property and damages against the timber company.

**Am Jur 2d, Wills § 1040.**

APPEAL by plaintiff and defendants from judgment entered 24 April 1991 in WAYNE County Superior Court by *Judge W. Russell Duke, Jr.* Heard in the Court of Appeals 13 April 1992.

**HOLLOWELL v. HOLLOWELL**

[107 N.C. App. 166 (1992)]

Plaintiff instituted this action seeking a construction of the Last Will and Testament of Ed Langston by declaratory judgment to determine the ownership interests in approximately 95 acres of land. Plaintiff also sought to determine other rights and damages arising out of the ownership of the land in question.

Ed Langston (hereinafter testator) died testate on 30 May 1948 and left a Last Will and Testament (hereinafter the Langston Will) which provided for the disposition of his estate, which included 95 acres of land whose ownership plaintiff sought to have determined. The pertinent provisions of the Langston Will are as follows:

> 2. I give and devise all of my lands, wherever situated, in equal portions to my nephews, Milford Hollowell and Clarence Hollowell, for and during the term of their natural lives, and upon their deaths I give and devise their respective shares thereof in fee simple to their respective issue, who survive them, *per stirpes*.
>
> If either of my said two nephews shall die without issue surviving him the share of such deceased shall go to the other of my said two nephews for life and then to his issue in fee simple, *per stirpes*.

The Langston-Hollowell "family tree" for the purposes of this action appears to be as follows:

**HOLLOWELL v. HOLLOWELL**

[107 N.C. App. 166 (1992)]

Langston-Hollowell Family

Deceased shown by parentheses
Parties in **bold type**

Milford Hollowell died in 1972 with two surviving issue—Milford Edgar Hollowell and James R. Hollowell. Milford Edgar Hollowell then died testate on 29 February 1980 survived by three issue, defendants Teresa Hollowell Williams, Cathy Hollowell Pearce and Debra Joan Hollowell. He was also survived by his second wife, plaintiff Beatrice H. Hollowell. The Will of Milford Edgar Hollowell includes the following pertinent language regarding the distribution of his estate:

> SECOND: I give, devise and bequeath all of my property, be it real, personal or mixed, of whatever type and wheresoever situated, to my beloved wife, BEATRICE HOLLOWELL, to have and to hold the same absolutely and forever.

On 26 July 1986 Clarence Hollowell died intestate, leaving no issue. Apparently believing that they held all the interest in the land in question, the individual defendants James R. Hollowell, Teresa Hollowell Williams, Cathy Hollowell Pearce and Debra Joan

## HOLLOWELL v. HOLLOWELL

[107 N.C. App. 166 (1992)]

Hollowell partitioned the property in question into five parcels of land and conveyed the parcels to one another by division deeds. Plaintiff received no conveyance in these transactions.

On 17 December 1987, the individual defendants conveyed an interest in all the standing timber and pulpwood on the property in question by timber deed to B & C Logging, Inc., a North Carolina corporation. B & C Logging, Inc. assigned their interest under this deed to defendant Louisiana-Pacific Corporation on 15 February 1988.

Plaintiff alleged that the death of Clarence Hollowell and the applicable language of the Langston Will created the following division of ownership interests in the property in question:

James Rodney Hollowell — ½ undivided interest.

Teresa Hollowell Williams — 1/12 undivided interest.

Cathy Hollowell Pearce — 1/12 undivided interest.

Debra Joan Hollowell — 1/12 undivided interest.

Beatrice H. Hollowell — ¼ undivided interest.

Plaintiff alleged in the alternative that the same language of the Langston Will provided for a one-half executory interest to vest and become present estates in James Rodney Hollowell and Milford Edgar Hollowell, children of Milford Hollowell, if Clarence Hollowell died without issue. Plaintiff alleges this executory interest was created upon the death of Milford Hollowell on 20 May 1972, vested upon the death of Clarence Hollowell on 26 July 1986 and established the following division of ownership interests in the property:

James Rodney Hollowell — ½ undivided interest.

Beatrice H. Hollowell — ½ undivided interest.

Plaintiff also alleged a cause of action against defendant Louisiana-Pacific Corporation under G.S. § 1-539.1 maintaining that the defendant corporation trespassed upon the property in question because she, as an owner of interest in the land, did not join in the conveying of the timber deed or the assignment of that deed. She alleged that the defendant corporation cut and removed timber from the property without her consent. She further alleged that she is entitled to recover from Louisiana-Pacific one-quarter of the double value of the cut timber as allowed by statute.

HOLLOWELL v. HOLLOWELL

[107 N.C. App. 166 (1992)]

On 2 April 1991, the individual defendants filed an answer and counterclaim. The individual defendants generally denied plaintiff's claims and sought in their counterclaim a declaratory judgment and decree to construe the Langston Will. The individual defendants alleged that only they hold ownership interests in the property in question because the specific language of paragraph 4 in the Langston Will (1) prevented the vesting of any interest in the land in question until the life estates of Milford and Clarence Hollowell expired upon both of their deaths and (2) devised ownership interest by distribution *per stirpes* in the survivors of Milford and Clarence Hollowell.

Plaintiff and the individual defendants stipulated that this action be suspended as to defendant Louisiana-Pacific Corporation and that the defendant corporation file pleadings as it deemed appropriate only if it was determined that plaintiff held an ownership interest in the property.

Plaintiff and the individual defendants made motions for summary judgment and these motions came on for hearing on 24 April 1991. The trial court issued an order granting partial summary judgment in favor of plaintiff and denying defendants' motion for summary judgment. The trial court also set aside the division deeds executed by the individual defendants and ordered the distribution of the ownership interests in the 95 acres of land in the following manner:

James Rodney Hollowell — ½ undivided interest.

Beatrice H. Hollowell — ¼ undivided interest.

Teresa Hollowell Williams — 1/12 undivided interest.

Cathy Hollowell Pearce — 1/12 undivided interest.

Debra Joan Hollowell — 1/12 undivided interest.

The trial court reserved plaintiff's claims for damages against the defendant Louisiana-Pacific Corporation for later determination. Plaintiff and individual defendants appeal.

*Everett, Wood, Womble, Finan & Riddle, by J. Darby Wood and Jonathan S. Williams, for plaintiff.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for defendants.*

WELLS, Judge.

We first note that this appeal is before us on partial summary judgment. Pursuant to the provisions of G.S. § 1A-1, Rule 54, the trial court certified this judgment for immediate appeal.

A party may resort to the courts for the construction of a will when there are doubts as to a testator's intent and the terms of a will are not set out in clear, unequivocal and unambiguous language. *Pittman v. Thomas*, 307 N.C. 485, 299 S.E.2d 207 (1983). It is well settled in this jurisdiction that the responsibility to interpret or construe a will is solely that of the courts. *Wachovia Bank and Trust Co. v. Wolfe*, 243 N.C. 469, 91 S.E.2d 246 (1956). In this case, the alternative interpretations asserted by plaintiff and the individual defendants of the language found in the Langston Will require judicial construction of this will.

It is the duty of the trial court to utilize established rules of construction when it is called upon to interpret ambiguous provisions of a will. *Thornhill v. Riegg*, 95 N.C. App. 532, 383 S.E.2d 447 (1989). One of the fundamental rules of the construction of wills is that the intent of the testator is the polar star which must guide the courts in the interpretation of wills. *Barnes v. Evans*, 102 N.C. App. 428, 402 S.E.2d 164 (1991). The language used by the testator and the sense in which that language is used is the prime source of information available to the courts in determining the testator's intent. *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 334 S.E.2d 751 (1985).

The provisions of the Langston Will which control the distribution of the land in question contain language of which the meaning is well established in the construction of wills. The language "in equal portions" and "their respective shares" in the devise of land to Milford and Clarence Hollowell connotes the creation of a tenancy in common. *See Dearman v. Bruns*, 11 N.C. App. 564, 181 S.E.2d 809, *cert. denied*, 279 N.C. 394, 183 S.E.2d 241 (1971) (language "share equally" in devise to husband and wife created tenancy in common) and *Mewborn v. Mewborn*, 239 N.C. 284, 79 S.E.2d 398 (1954) (language "equally divided" in devise to testator's sons created tenancy in common). A tenancy in common gives each tenant "a separate undivided interest in the land in his own right and each has an equal right to possession." *Webster's Real Estate Law in North Carolina*, § 110 (1990).

The phrase "for and during the term of their natural lives" indicates an intent to create life estates. This Court stated in *Brinkley v. Day*, 88 N.C. App. 101, 362 S.E.2d 587 (1987) that the phrase "to have a home as long as he lives" created a life estate. *See also Owen v. Gates*, 241 N.C. 407, 85 S.E.2d 340 (1955) (phrase "to hold and have in her lifetime" created life estate).

It is clear that the language found in these provisions of the Langston Will manifests an intent to create a tenancy in common between Milford and Clarence Hollowell, and that Milford and Clarence Hollowell were to be life tenants with each having a right to an undivided one-half interest in the land in question for their lifetime. The creation of these interests supports the conclusion that testator intended for Milford and Clarence Hollowell to hold separate shares which would pass individually upon the death of each life tenant.

The Langston Will also uses the language "their *respective* shares" and "their *respective* issue" in the provisions controlling the distribution of the land in question. This language is evidence of a continuation of the independent nature of the interests found in the tenancy in common held by Milford and Clarence Hollowell. It is apparent that the Langston Will represents an intent to have these interests pass independently of each other upon the death of the life tenant, one interest to pass through the line of Milford Hollowell upon his death and the other interest to pass through the line of Clarence Hollowell upon his death.

The one-half undivided interest held by Milford Hollowell passed to his surviving issue *per stirpes* upon his death in 1971. This distribution gave Milford Edgar Hollowell and James Rodney Hollowell each a one-quarter fee simple absolute interest in the land in question. Milford Edgar Hollowell and James Rodney Hollowell could then convey, devise or otherwise dispose of their respective interests as they desired. Milford Edgar Hollowell devised his one-quarter interest to his wife. Therefore, we hold that plaintiff possesses a one-quarter interest in fee simple pursuant to her husband's will and that individual defendant James Rodney Hollowell possesses a one-quarter interest from his father, Milford Hollowell.

Plaintiff also contends that her late husband held a contingent remainder in Clarence Hollowell's one-half interest; that this contingent remainder was devised to her by operation of her husband's

will, and that consequently, the death of Clarence Hollowell without issue requires distribution *per stirpes* of this interest and gives plaintiff an additional one-quarter interest in the land in question. We disagree.

The clause of the Langston Will in question directs that upon the death of Clarence Hollowell without issue his one-half interest is to be distributed to Milford Hollowell for life and then to the issue of Milford Hollowell. Such language has traditionally been interpreted to be a gift over first to the life tenant and then to the issue of the life tenant as a class. *See Lawson v. Lawson*, 267 N.C. 643, 148 S.E.2d 546 (1966) and *Strickland v. Jackson*, 259 N.C. 81, 130 S.E.2d 22 (1963). *See also Tunnell v. Berry*, 73 N.C. App. 222, 326 S.E.2d 288 (1985).

Gift over provisions such as these raise two issues: (1) at what time does the contingent limitation take effect and (2) when are the takers of the contingency determined? G.S. § 41-1 (1990) is instructive on the first of these issues and provides in part:

> Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, *shall be held and interpreted a limitation to take effect when such person dies not having* such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) *living at the time of his death, or born to him within ten lunar months thereafter,* . . . . (Emphasis added.)

The purpose of G.S. § 41-1 is to sustain the contingent interest created by the testator and ensure that the interest will pass in possession when and if the contingency occurs, even if the occurence is after the death of the testator. *White v. Alexander*, 290 N.C. 75, 224 S.E.2d 617 (1976). Therefore, when the contingency is fulfilled the limitation is deemed to take effect.

In the survivorship context, our courts have generally interpreted the term "issue" to include all lineal descendants. *See Poindexter v. Trust Co.*, 258 N.C. 371, 128 S.E.2d 867 (1963), *Cannon v. Baker*, 252 N.C. 111, 113 S.E.2d 44 (1960). Thus, in the case now before us, the term or word "issue" must be interpreted to include defendants Teresa Williams, Cathy Pearce and Debra Hollowell.

The triggering event for the passage or vesting of the contingent remainder in this case is the death of each of the two life tenants. *See Strickland, supra.* When Clarence Hollowell died without issue surviving, his interest passed *per stirpes* to defendants James Hollowell, Teresa Williams, Cathy Pearce and Debra Hollowell.

Summary judgment in a declaratory judgment action is appropriate when there is no genuine issue of material fact and either party is entitled to judgment as a matter of law. *Janus Theatres of Burlington v. Aragon,* 104 N.C. App. 534, 410 S.E.2d 218 (1991). Our review of this case reveals that the trial court appropriately determined that there are no genuine issues of material fact to be resolved. Upon the undisputed facts in this case, the trial court correctly ordered the distribution of the property at issue, and we therefore affirm the judgment below.

Affirmed.

Judges ARNOLD and EAGLES concur.